**No. 23-1968**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

**LASHAUN CASEY,
Appellant**

**v.**

**UNITED STATES OF AMERICA,
Appellee**

---

**ON APPEAL FROM THE JUDGMENT ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA ON MARCH 31, 2023, AT NO. 1:21-CV-01367**

---

# BRIEF FOR APPELLEE UNITED STATES OF AMERICA

---

BRIAN D. MILLER
United States Attorney

PATRICK J. BANNON
Assistant U.S. Attorney
Attorney I.D. No. NY 5595541
United States Attorney's Office
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 309, Suite 311
Scranton, PA 18503
Patrick.bannon@usdoj.gov

January 5, 2026

# TABLE OF CONTENTS


JURISDICTIONAL STATEMENT .......... 1

STATEMENT OF THE ISSUES .......... 2

STATEMENT OF RELATED CASES AND PROCEEDINGS .......... 3

STATEMENT OF THE CASE .......... 4

SUMMARY OF ARGUMENT .......... 9

STANDARDS OF REVIEW .......... 12

ARGUMENT .......... 13

I. The district court acted well within its discretion in denying Casey's motion for counsel. .......... 13

II. The district court correctly dismissed any FTCA claims related to Dr. Mogerman for lack of subject matter jurisdiction under the independent contractor exemption .......... 16

III. The district court's order granting summary judgment because Casey failed to file a certificate of merit predated this Court's decision holding that Pennsylvania's certificate of merit requirement does not apply in FTCA cases. .......... 19

CONCLUSION .......... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berk v. Choy*,
145 S. Ct. 1328 (2025) .......... 19

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
403 U.S. 388 (1971) .......... 3

*Casey v. Hazelton U.S.P. Mail Room*,
2017 WL 4980858 (N.D.W. Va. Nov. 1, 2017) .......... 3

*Casey v. Snoderly*,
2017 WL 1836163 (N.D.W. Va. May 8, 2017) .......... 3

*Casey v. United States*,
100 F.4th 34 (1st Cir.) .......... 3

*Clemmons v. United States*,
793 F. App'x. 109 (3d Cir. 2019) .......... 10, 17

*E.D. v. United States*,
764 F. App'x 169 (3d Cir. 2019) .......... 16

*Kost v. Kozakiewicz*,
1 F.3d 176 (3d Cir. 1993) .......... 17

*Lasko v. Watts*,
373 F. App'x 196 (3d Cir. 2010) .......... 15

*Liggon-Redding v. Estates of Sugarman*,
659 F.3d 258 (3d Cir. 2011) .......... 8, 10, 18

*Logue v. United States*,
412 U.S. 521 (1973) .......... 16

*Longo v. Trostle*,
No. 24-1981, 2024 WL 4579250 (3d Cir. Oct. 25, 2024) .......... 9, 15

*Molzof v. United States*,
502 U.S. 301 (1992) .......... 18

*Montgomery v. Pinchak*,
294 F.3d 492 (3d Cir. 2002) .......... 12

*Norman v. United States*,
111 F.3d 356 (3d Cir. 1997) ............................................................9, 16

*Parham v. Johnson*,
126 F.3d 454 (3d Cir. 1997) ..........................................................12, 13

*Parkell v. Danberg*,
833 F.3d 313 (3d Cir. 2016) ..........................................................12, 14

*Prusky v. ReliaStar Life Ins. Co.*,
532 F.3d 252 (3d Cir. 2008) ..........................................................16, 17

*Rodriguez v. United States*,
695 F. App'x 669 (3d Cir. 2017) ....................................................15, 19

*Smith–Bey v. Petsock*,
741 F.2d 22 (3d Cir. 1984) ..................................................................12

*Tabron v. Grace*,
6 F.3d 147 (3d Cir. 1993) ................................................... 9, 11, 13, 15

*United States v. Casey*,
825 F.3d 1 (1st Cir. 2016) ................................................................3, 4

*United States v. Orleans*,
425 U.S. 807 (1976)...........................................................................16

*White v. United States*,
No. 22-3129, 2023 WL 2707177 n.1 (3d Cir. Mar. 30, 2023)..............19

*Wilson v. United States*,
79 F.4th 312 (3d Cir. 2023)........................................................2, 10, 19

*Wilson v. USI Ins. Serv. LLC*,
57 F.4th 131 (3d Cir. 2023).................................................................11

**Statutes**

28 U.S.C. § 636(c) .................................................................................1

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1331 ....................................................................................1

28 U.S.C. § 1346(b)(1)..........................................................................15

28 U.S.C. § 1915(e)(1)..........................................................................12

28 U.S.C. § 2255 ....................................................................................3

28 U.S.C. § 2671 .......... 16

**Rules**

Fed. R. App. P. 32(a)(7)(B) .......... 22

Pa. R. Civ. P. 1042.3(a)(1) .......... 18

Pennsylvania Rule of Civil Procedure 1042.3 .......... 8, 18, 19

## JURISDICTIONAL STATEMENT

Plaintiff Lashaun Casey appeals from the district court's order dismissing certain claims and grating summary judgment against him. The district court had subject-matter jurisdiction under 28 U.S.C. § 1331, and the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Doc. 31.[1] The court entered its order on March 31, 2023, Doc. 84, and Casey filed a notice of appeal on May 25, 2023, Doc. 87. This Court reinstated Casey's appeal on June 3, 2025 and has jurisdiction under 28 U.S.C. § 1291. Doc. 101.

[1] "Doc." refers to a docket entry in the district court. "App. Doc." refers to a docket entry in this appeal. "Br." refers to Casey's informal opening brief.

## STATEMENT OF THE ISSUES

I. Whether the district court acted within its discretion in denying Casey's motion for counsel.

II. Whether the district court correctly dismissed Casey's Federal Tort Claims Act (FTCA) claims related to Dr. Jeffrey Mogerman for lack of subject jurisdiction under the FTCA's independent-contractor exemption.

III. Whether remand is appropriate as to Casey's remaining FTCA claims following this Court's decision in *Wilson v. United States*, 79 F.4th 312, 314 (3d Cir. 2023).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Casey appealed his judgment of conviction, and the First Circuit affirmed. *United States v. Casey*, 825 F.3d 1, 7 (1st Cir. 2016). The First Circuit also affirmed the denial of his 28 U.S.C. § 2255 motion. *Casey v. United States*, 100 F.4th 34, 38 (1st Cir.), cert. denied, 145 S. Ct. 561 (2024). The United States District Court for the Northern District of West Virginia dismissed an action Casey brought against prison officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Casey v. Hazelton U.S.P. Mail Room*, 2017 WL 4980858, at *1 (N.D.W. Va. Nov. 1, 2017); *Casey v. Snoderly*, 2017 WL 1836163, at *1 (N.D.W. Va. May 8, 2017). Counsel is aware of no other case or proceeding that is related to this case.

## STATEMENT OF THE CASE

In 2013 a jury convicted Casey of (1) carjacking with intent to cause death or serious bodily injury; (2) possession, use, discharge, carrying of firearms during a crime of violence resulting in another's death; and (3) being a felon in possession of a firearm. *United States v. Casey*, 825 F.3d 1, 8 (1st Cir. 2016). The United States District Court for the District of Puerto Rico sentenced Casey to life imprisonment and the First Circuit affirmed. *Id*. at 28.

In August 2021, while incarcerated at United States Penitentiary (USP) Canaan in Waymart, Pennsylvania, Casey brought claims under the FTCA alleging medical malpractice and negligence against prison medical staff and a doctor at Wayne Memorial Hospital. Doc. 1, 46. The allegations stem from the treatment he received on his wrist following an injury he sustained while playing basketball in June 2018. Doc. 83 at 17. Health servicers at USP Canaan noticed moderate swelling and an x-ray revealed a fracture. *Id*. at 18. Medical staff splinted the wrist and prescribed ibuprofen. *Id*.

In July 2018, Dr. Jeffrey Mogerman from Wayne Memorial Hospital evaluated Casey and reviewed treatment options which

included surgery. *Id.* at 19. In August 2018, Dr. Mogerman operated on Casey's wrist. *Id.* Staff prescribed Percocet for pain—which Casey reported as mild—and instructed him to report daily for splint checks. A week later, staff provided finger exercises, an ACE wrap to keep the splint clean, and prescribed Tylenol. *Id.* at 19-20. Later in August, Casey reported to Dr. Mogerman that he was pleased with the improvement in his wrist. *Id.* at 20. Dr. Mogerman removed the splint and staples and noted that the incision had healed well. *Id.* He also noted a mild left wrist edema. *Id.* Casey began physical therapy in September 2018, and the therapist noticed a small lump on his wrist. *Id.* at 21. Casey reported dramatic improvement and Dr. Mogerman observed almost a full range of motion. *Id.*

In October 2018, Casey's physical therapist noted the growing cyst on Casey's wrist which had grown more painful. *Id.* at 22. After another evaluation, Dr. Mogerman recommended Meloxicam for pain, a liniment, moist heat, gradually progressing rehab exercises, and continued activities as tolerated. *Id.* at 23. Casey attended a chronic care clinic in November 2018 and staff submitted a request for another consultation with Dr. Mogerman. *Id.* The report indicated that Dr.

Mogerman recommended further surgery. *Id.* Two days later, Casey returned to sick call reporting pain and staff informed him that he would be scheduled to see a provider and advised him to continue using Meloxicam for pain management. *Id.* at 23-24.

Casey failed to attend his appointment on December 20, 2018, but presented at sick call the following day reporting pain. *Id.* at 24. At this call, Dental Administrator L. Burns issued Casey a stalking warning because of how often he came to sick call considering Dr. Mogerman's diagnosis on his wrist. *Id.* On December 22, 2018, Dr. Mogerman examined Casey and found that incision well healed with moderate tenderness in the wrist. *Id.* Dr. Mogerman performed a second surgery in April 2019. *Id.* In May 2019, Casey did not attend two appointments with Dr. Mogerman, and on multiple occasions medical staff inspected his wrist and recommended physical therapy exercises. *Id.* at 26.

In June 2019, Casey again met with Dr. Mogerman and reported improvement. *Id.* at 27. Dr. Mogerman recommended continued exercises. In July 2019, medical staff denied Casey's request for a Meloxicam refill and prescribed acetaminophen. *Id.* In November

2020, Casey reported pain and medical staff recommended moist heat therapy and motion exercises. *Id.* In May 2021, Casey reported hand swelling and loss of motion. *Id.* at 27. Medical staff submitted a consultation request, but BOP transferred Casey to USP Thompson before the consultation could occur, although it was renewed in July 2021 following the transfer. *Id.* at 28. Casey experienced continued pain through July 5, 2022, and received treatments including an MRI and pain medications for that same time period. *Id.*

Casey filed the instant compliant in August 2021 and filed an amended complaint in April 2022. Doc. 1, 46. In his complaint, Casey alleges that a medical staff member, M. Kabonick, responded to a sick call request on October 22, 2018 regarding the pain in his wrist. Doc. 83 at 4-5. According to Casey, Kabonick did not measure the lump on his wrist, check his eyes, or refer him to a doctor, but instead told him to obtain aspirin from the commissary for the pain. *Id.* at 5. Casey also claims that, after this sick call, other staff members denied him medical treatment. *Id.* Specifically, Casey alleges Administrator Burns refused to place his name on the medical list for treatment and instead ordered him to return to his housing unit, issuing a stalking warning. *Id.*

Casey did not file a certificate of merit with his complaint, or within 60 days of filing his complaint pursuant to Pennsylvania Rule of Civil Procedure 1042.3 despite being granted multiple extensions of time to do so. Doc. 18, 25, 32, 48, 50.

After denying Casey's motion for counsel, the district court dismissed Casey's complaint, finding that (1) the independent-contractor exemption to the FTCA applied to any claims arising from Dr. Mogerman's treatment; and (2) the remaining claims should be dismissed for failure to submit a certificate of merit with the complaint as required by Pennsylvania law. *Id.* at 29-30 (citing *Liggon-Redding v. Estates of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011)).

Casey filed a timely notice of appeal. Doc. 131. On July 18, 2023 this Court dismissed the case for failure to pay the filing fee or file the required motion to proceed in forma pauperis. App. Doc. at 5. On June 3, 2025, this Court granted Casey's motion to reopen the appeal and proceed in forma pauperis. *Id.* at 15. The Court then denied Casey's motion for counsel and issued a briefing schedule. *Id.* at 21.

## SUMMARY OF ARGUMENT

I. The district court acted well within its discretion in denying Casey's motion for appointment of counsel. In addressing Casey's motion, the district court analyzed the relevant factors identified by this Court in *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) and concluded that they weighed against appointing counsel. This Court has affirmed the denial of motions for counsel in similar circumstances, see, e.g., *Longo v. Trostle*, No. 24-1981, 2024 WL 4579250, at *2 (3d Cir. Oct. 25, 2024) (not precedential), and denied Casey's motion for counsel in this appeal. App Doc. 21. Casey raises no argument on appeal challenging this appropriate exercise of the court's broad discretion.

II. The district court correctly dismissed any claims arising from Dr. Mogerman's conduct under the independent contractor exemption of the FTCA. Although the FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment, this Court has identified "an independent-contractor exemption." *Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997). Here, an independent contractor, Integrated Medical Solutions (IMS) provided medical services to USP Canaan

inmates pursuant to a contract beginning in 2014. Dr. Mogerman provided medical services to inmates including Casey through this IMS contract. The United States, therefore, cannot be held liable under the FTCA for Dr. Mogerman's actions, and the district court correctly dismissed any FTCA claims arising from them. *Clemmons v. United States*, 793 F. App'x. 109, 114 n.7 (3d Cir. 2019) (not precedential). Casey does not challenge this decision on appeal.

Relying on this Court's decision in *Liggon-Redding v. Estates of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) and its progeny, the district court dismissed Casey's complaint for failure to file a certificate of merit as required by Pennsylvania law. Following the district court's order, this Court held that Pennsylvania's "certificate of merit requirement does not apply in FTCA cases." *Wilson v. United States*, 79 F.4th 312, 316 (3d Cir. 2023). Following *Wilson*, however, the Supreme Court heard oral argument in a case addressing Delaware's affidavit of merit requirement in medical malpractice cases. *Berk v. Choy*, 145 S. Ct. 1328 (2025). Because the disposition of *Berk* may impact this case, the Government respectfully requests that this Court not decide this appeal until the Supreme Court issues its decision in *Berk* and permit the

parties to file supplemental briefing addressing the impact, if any, of that decision on this appeal. The Government acknowledges that, to the extent the Supreme Court's decision in *Berk* does not implicate this Court's opinion in *Wilson*, vacating and remanding the district court's decision may be appropriate.

## STANDARDS OF REVIEW

I. This Court reviews the district court's denial for a motion for counsel for abuse of discretion. *Tabron v. Grace,* 6 F.3d 147, 158 (3d Cir. 1993).

II. This Court reviews a district court's grant of a motion to dismiss or for summary judgment de novo. *See Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023). The Court "may affirm on any ground supported by the record." *Id.*

## ARGUMENT

### I. The district court acted well within its discretion in denying Casey's motion for counsel.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997)). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A district court has "broad discretion" to determine whether counsel should be appointed. *Montgomery*, 294 F.3d at 498. "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (emphasis in original) (quoting *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

This Court has outlined a two-step process for determining whether counsel should be appointed. First, as a "threshold matter," the district court "must assess whether the claimant's case has some arguable merit in law and fact." *Montgomery*, 294 F.3d at 499. Second, the Court has provided a non-exhaustive list of factors to guide the

district court's discretion, which include: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). This Court has also instructed that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458.

Here, the district court acted well within its discretion in denying Casey's motion for counsel. Assuming without deciding that his case had arguable merit, the court found that the *Tabon* factors weighed against the appointment of counsel. Doc. 11 at 3-5. The court noted that Casey, despite his pro se status, understands and reads English and can communicate effectively. *Id.* at 4. To the extent Casey asserted an inability to access the law library, the court noted the

availability of extensions. *Id.* The court also concluded that the legal issues in the case were not overly difficult and complex, and that Casey would have the opportunity to conduct discovery if the case proceeded past the motion-to-dismiss stage. *Id.* The court further determined that credibility determinations would likely not be an issue during the current stage of the case, and it was premature to conclude whether the case would be decided on credibility. *Id.* at 4-5. The court also considered it too early to determine whether expert testimony would be required at that time. *Id.* at 5. The court did assume, however, that Casey could not obtain counsel on his own. *Id.* Having fully considered the factors, some of which favored Casey, the court ultimately found that they weighed against appointing counsel. *Id.* Doing so was an appropriate exercise of the court's discretion.

On appeal, Casey appears to argue that the court erred because it knew "that he would not and could not succeed" without counsel. Br. 15. He does not, however, contend that the district court abused its discretion in weighing the relevant factors or demonstrate that his case constituted the "*special circumstances*" necessary for the appointment of counsel. *Parkell*, 833 F.3d at 340. To the extent Casey could attempt to

connect his lack of counsel to his inability to file a certificate of merit—and his brief does not make this connection—this Court has found district courts to have acted within their discretion in denying motions for counsel in similar circumstances. *Longo v. Trostle*, No. 24-1981, 2024 WL 4579250, at *2 (3d Cir. Oct. 25, 2024) (not precedential); *Rodriguez v. United States*, 695 F. App'x 669, 672 (3d Cir. 2017) (not precedential); *Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010) (not precedential). On appeal, this Court denied Casey's motion for appointment of counsel as well, finding that Casey had "not demonstrated that appointment of counsel [was] warranted." App. Doc. 21 (citing *Tabron*, 6 F.3d at 155).

## II. The district court correctly dismissed any FTCA claims related to Dr. Mogerman for lack of subject matter jurisdiction under the independent contractor exemption.

The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Government employees include officers and employees of any federal

agency, but not "any contractor with the United States." 28 U.S.C. § 2671. This Court has therefore identified "an independent-contractor exemption in the Federal Tort Claims Act." *Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997). "A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 814 (1976) (quoting *Logue v. United States*, 412 U.S. 521, 528 (1973)). In other words, "the question here is ... whether [the] day-to-day operations are supervised by the Federal Government." *Id.* at 815.

The district court's determination that an individual works as a contractor is a factual finding this court reviews for clear error. *E.D. v. United States*, 764 F. App'x 169, 172 (3d Cir. 2019) (not precedential). Therefore, "'as long as the district court's factual findings are plausible when viewed in light of the entirety of the record, [this Court] must affirm.'" *Id.* (quoting *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008)). Here, the district court's factual finding regarding Dr. Mogerman's employer is certainly plausible in light of the record, and Casey does not contend otherwise.

With its motion to dismiss, the Government submitted a declaration from USP Canaan's Supervisory Contract Specialist, Kathleen Churchill, that detailed Dr. Mogerman's role. Doc. 58-1. An independent contractor, Integrated Medical Solutions (IMS) provided medical services to USP Canaan inmates pursuant to a contract beginning in 2014. *Id.* Dr. Mogerman provided medical services to inmates through this IMS contract, and his services were invoiced by IMS and paid to IMS. *Id.* Dr. Mogerman is an employee of IMS, rather than an employee of the United States. The United States, therefore, cannot be held liable under the FTCA for Dr. Mogerman's actions, and the district court correctly dismissed any FTCA claims arising from them. *Clemmons v. United States*, 793 F. App'x. 109, 114 n.7 (3d Cir. 2019) (not precedential) (affirming dismissal of claims against IMS related to IMS employee).

On appeal, Casey does not challenge the district court's dismissal of these claims and has therefore abandoned and waived that argument. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). In any event, he cannot demonstrate that the court clearly erred in finding IMS to be an independent contractor in light of the record.

## III. The district court's order granting summary judgment because Casey failed to file a certificate of merit predated this Court's decision holding that Pennsylvania's certificate of merit requirement does not apply in FTCA cases.

"[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992) (collecting cases). Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff claiming professional malpractice to file a "certificate of merit" either with the complaint or within 60 days of filing it. Pa. R. Civ. P. 1042.3. The certificate of merit must attest that either (1) an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the professional services provided fell outside acceptable professional standards, or (2) expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). Casey did not file a certificate of merit here despite being granted multiple extensions of time to do so.

This Court has previously held that Rule 1042.3 "is substantive law [that] must be applied as such by federal courts." *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). Following

*Liggon-Redding*, the Court previously affirmed is application to FTCA claims brought by federal prisoners. *See White v. United States*, No. 22-3129, 2023 WL 2707177, at *2 n.1 (3d Cir. Mar. 30, 2023) (not precedential) ("The District Court was also correct in its ruling that, to the extent that White asserted a medical malpractice claim, . . . the claim failed because White did not submit a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3."); *Rodriguez*, 695 F. App'x at 670 n.1. Following the district court's decision in this case, which relied upon *Liggon-Redding* and its progeny, this Court held that "Rule 1042.3's certificate of merit requirement does not apply in FTCA cases." *Wilson v. United States*, 79 F.4th 312, 316 (3d Cir. 2023). The district court granted summary judgment on Casey's FTCA claims arising from conduct not covered by the independent contractor exemption based solely on Casey's failure to file a certificate of merit. That decision now conflicts with *Wilson*.

The Government notes, however, that the Supreme Court has recently heard oral argument in a case addressing Delaware's affidavit of merit requirement in medical malpractice cases. *Berk v. Choy*, 145 S. Ct. 1328 (2025). Because the disposition of *Berk* may impact this case,

the Government respectfully requests that this Court not decide this appeal until the Supreme Court issues its decision in *Berk* and permit the parties to file supplemental briefing addressing the impact, if any, of that decision on this appeal. The Government acknowledges that, to the extent the Supreme Court's decision in *Berk* does not implicate this Court's opinion in *Wilson*, vacating and remanding the district court's decision may be appropriate.

## CONCLUSION

The Court should affirm district court's judgment.

January 5, 2026

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

/s/ Patrick J. Bannon
PATRICK J. BANNON
Assistant U.S. Attorney
Attorney I.D. No. NY 5595541
United States Attorney's Office
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 309, Suite 311
Scranton, PA 18503
Tel: (570) 348-2800
Patrick.bannon@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,555 words.

2. The text of this electronic brief is identical to the text in the paper copies.

3. A virus scan using Trellix Endpoint Security was performed on this file, and no virus was detected.

/s/ Patrick J. Bannon
Patrick J. Bannon
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, I served the attached Brief for Appellee by mail on:

Lashaun Casey
Prisoner Number: #28733-069
Florence High USP
P.O. Box 7000
Florence, CO 81226

/s/ Patrick J. Bannon
Patrick J. Bannon
Assistant U.S. Attorney